T> t Porter, J.
rru • j • i • 1 his action was commenced to i , * •• f o i c i . • obtain rescission oi the sale oi a negro slave, hit ir* a ii n called JLa r ortune, sold as a carpenter and joiner, for the price of $1500. It is alleged that he is neither; and in addition, afflicted with redhibitory defects of disposition, drunkard, run-away and thief.
Prescription and a general denial are plead by tte defendant. V ; ⅛\ . , ‘
The district court gavd judgment, against the plaintiff, and he ⅛⅛ appealed. ‘,
The first question to be examined isdhat, which the exception, as to the time of commencing the action presents.. ; ,,
The slave was sold on the 3d Aprils!81$.* This suit was commenced on the 14th- February. 1820.
*12 East'n District.
Feb. 1822.
The plaintiff' replied to the plea of pre.~ cription, plead by the defendant; that he )rought his action within six months from the liscovery of the vices and defects complain-~d of in the petition.
It has been strongly contested between the parties in this cause, on whom the burthen of proof lies&emdash;the plaintiff insisting that he cannot be required to prove a negative, viz. that he did not know of the existence of the defect anterior to a particular time; while the defendant urges, that this plea of the appellant is an exception to the general rule, which requires the action to be brought within six months from the date of the sale, and that he who relies on an exception must establish it. Partida 3, tit. 14, l. 2.
I have given to this subject a good deal of consideration, and my opinion is with the defendant. By our Civil Code, 358, art. 75, it is sufficient for the seller of a slave afflicted with redhibitory" defects, to oppose to the action, that it has not been commenced within six months from the sale. And on shewing this fact, the plaintiff will be barred, unless be does away the objection, by replying that he did not discover the vices or defects six *13 As he makes months before instituting suit the averment, I think it is his duty to prove it. Certainly I do not wish to say that the buyer must give evidence he did not know of the defect before a certain time, because that would be requiring him to prove a negative, which is impossible. But I think he should establish, when the facts came to his knowledge, on w hich he relies to shew his right of setting aside the sale. And this he can do without difficulty; for the witnesses who prove the vices on the trial, can easily state w'hen they communicated them to the plaintiff If he has received the knowlege of what the witnesses knewr, and would swear through other sources, he could bring forward those who gave him this information. The moment he does this, he brings himself within the exception, and if the vendor still insists the purchaser knew of the vice at an earlier period, the burthen of proof is then thrown on him; for the buyer can do nothing more than shew affirmatively that at a certain epoch he became acquainted with the fact — he cannot prove a negative, that he did not know it sooner.
The passage cited by the plaintiff from the Curia Phillippica, Redhibitoria. n. 26, is cer- *14 verJ strong, but 1 cannot alone, on that authority, bring my mind to assent to the prov- . . . ... . ,. , . - , position, that it is the duty ot the defendant to support by proof, Avhat it behoves the plaintiff to allege.
If, in this case, the plaintiff had proved any circumstance, within the six months, respecting the theft, I should have held it sufficient to have thrown the burthen of proof on the defendant, as to his knowing it sooner. But on this point, the testimony is entirely defective. The slave was bought in April. There is evidence when the master returned to the Attakapas, but none as to the time the slave was sent there; of course, we have no means of ascertaining when he committed the theft, proved by one of the witnesses. All we know is, that it was after he reached his master’s plantation.
In regard to the defect of the qualities of carpenter and joiner, the plaintiff has proved enough to shew that his action was commenced within the time required by law. But on the merits the evidence is so contradictory, that I do not feel myself authorised to come to a different conclusion in regard to it, from the district judge.
*15 The* judgment of the district court should be reversed, and, in my opinion, the justice of the case requires, that there should be judgment for the defendant, as in case of a non-suit; and that the plaintiff pay costs in both courts.
Martin, J.
I cannot yield to the opinion of the author of the Curia Phillippica. The authorities which he cites, do not support his conclusion.
The defendant pleaded prescription, and the question is, who is to administer the proof of the period at which the knowlege of the redhibitory defects reached the vendee? I think we ought to require from the party who can give it. If he allege that he had it not at the time of sale, as it is clear that he had it at the time of the inception of the suit, it cannot be difficult for him, at least, to state at what intermediate period, and by what means the knowlege came to him. If he establishes any particular period — stabit presumptio donee contrarium prohetur. If the adverse party does not shew knowlege at an earlier period, the prescription will be supported.
This repels the plaintiff’s claim to rescis *16 sion on the score of the slave being a thief? as to the other grounds I think the evidence is too weak.
Derbigny for the plaintiff, Moreau for the defendant.
The judgement ought to be reversed, and ours should be a judgment of non-suit.
Mathews, J.
I am of the same opinion.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant, as in case of non-suit, and that the plaintiff pay costs in both courts.